**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000460
15-MAY-2025
08:06 AM
Dkt. 81 SO**

NO. CAAP-22-0000460

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HOʻOPONOPONO O MĀKENA, an unincorporated association, MAUI
TOMORROW FOUNDATION, a non-profit corporation, and SIERRA CLUB
OF HAWAIʻI, a non-profit corporation, Plaintiffs-Appellees,
v.
MAUI PLANNING COMMISSION, COUNTY OF MAUI, Defendant-Appellant,
WAILEA RESORT SF-S PARTNERS, LP, a foreign limited partnership,
Defendant-Appellee, and DOES 1-27, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-21-0000177)

**SUMMARY DISPOSITION ORDER**
(By:  Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant Maui Planning Commission, County

of Maui (**Commission**) appeals from the Circuit Court of the

Second Circuit's (**circuit court**) "Order Granting Plaintiffs[-

Appellees' Hoʻoponopono O Mākena, Maui Tomorrow Foundation, and

Sierra Club of Hawaiʻi's (collectively, **Plaintiffs**)] Non-Hearing

Motion for Award of Fees and Costs" (**Order**),[1] filed June 27, 2022.

In June 2021, Plaintiffs filed a "Complaint for Declaratory and Injunctive Relief" (**Complaint**) against the Commission and Defendant-Appellee Wailea Resort SF-S Partners, LP (**Wailea**),[2] regarding Wailea's residential development project (**Project**) on the Island of Maui. The eight-count Complaint challenged the sufficiency of the Final Environmental Assessment (**FEA**) that Wailea had prepared pursuant to Hawaii Revised Statutes (**HRS**) Chapter 343[3] and the Commission's issuance of a Finding of No Significant Impact (**FONSI**). Plaintiffs subsequently moved for summary judgment on all counts. The circuit court granted the motion as to counts IV (improper segmentation) and VIII (injunctive relief), and denied the remaining counts as moot.

The circuit court entered summary judgment in favor of Plaintiffs, and against the Commission and Wailea. The circuit court's "Amended Order Granting Summary Judgment in Favor of Plaintiffs and Denying Summary Judgment in Favor [sic]

---

[1]     The Honorable Kirstin Hamman presided.

[2]     Wailea has not appealed the circuit court's Order, or its underlying Judgment, and is a nominal appellee.

[3]     Plaintiffs challenged, inter alia, the scope of the FEA, which segmented the Project from the developments of subsidiary companies owned by Wailea's parent company, Ledcor Development, LP.

Defendants," (**Amended Order**) filed April 11, 2022, stated in relevant part,

> **As to Count IV, the [circuit court] ruled that [Wailea's] [FEA]** regarding development of 23.1 acres of land located at Tax Map Key (TMK): 2:2-1-008:145 within the ahupua‘a of Paeahu, within the District of Makawao, Moku of Honua‘ula, Island of Maui, Hawai‘i to construct 57 homes and related infrastructure developments, through a condominium property regime known as the [Wailea] project **improperly segmented the [Wailea] project from the larger program of which it is a part. Because the scope of the action in the environmental assessment was not properly placed before the [Commission] to consider, the [Commission] did not have sufficient information to enable it to consider fully the factors required for an environmental assessment and was not able to take a "hard look" at the environmental factors. Therefore, the [Commission's] [FONSI] was clearly erroneous.**

> **Because [the circuit court] finds as a matter of law the [FEA] is insufficient because the project is improperly segmented, the [circuit court] need not address the other issues raised by the Plaintiff[s]. Therefore, although the [circuit court] grants both Plaintiffs' motions for summary judgment, the additional relief requested in Counts I, II, III, V, VI, and VII of the Complaint is denied as moot.**

> As to Count VIII, the [circuit court] ruled that injunctive relief was warranted[.]

> . . . .

> Therefore, IT IS HEREBY ORDERED, ADJUDGED and DECREED that:
> (1) Plaintiffs' Motion for Summary Judgment on Counts I, II, III and VI of the Complaint, filed August 9, . . . **2021**, is GRANTED;

> (2) Plaintiff[s'] Motion for Summary Judgment on Counts IV, V, VII and VIII of the Complaint[,] filed August 9, . . . **2021**, is GRANTED;

> (3) Plaintiffs' request for injunctive relief under Count VIII is GRANTED . . . as follows: The [Commission] is enjoined from issuing any additional permits to [Wailea] that rely on the acceptance of the [FEA] and determination of a [FONSI];

> (4) [Wailea's] Cross-Motion for Summary Judgment on Counts I, II, III and VI of the Complaint, filed October 5, 2021, and the [Commission's] Joinder therein, filed October 12, 2021, are DENIED;

(5) [Wailea's] Cross-Motion for Summary Judgment on Counts IV, V, VII and VIII of the Complaint, filed October 5, 2021, and the [Commission's] Joinder therein, filed October 12, 2021, are DENIED; and

(6) There are no remaining claims or issues to be resolved.

(Emphasis added.)

Plaintiffs then filed "Plaintiff's Motion for an Award of Fees and Costs" (**Motion**), against the Commission and Wailea "jointly and severally," pursuant to HRS § 607-9 (2016) and the private attorney general doctrine. The circuit court granted the Motion and entered the Order. The Commission appealed the Order.

On appeal, the Commission raises two points of error, contending that the circuit court abused its discretion by awarding fees and costs: (1) "jointly and severally" against the Commission as to Count IV; and (2) against the Commission as to any of the remaining counts that were denied as moot.

We review the circuit court's grant or denial of attorneys' fees and costs under the abuse of discretion standard. Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 105, 176 P.3d 91, 104 (2008). Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we address the Commission's points of error as follows.

4

The Commission contends that Plaintiffs did not prevail on summary judgment *against the Commission* because "the sole [Count] IV on which liability was ruled in this case does not pertain to any alleged conduct of the [Commission]." In its Amended Order, the circuit court ruled with regard to Count IV that, the FEA "improperly segmented [the Project] from the larger program of which it is a part." Given this, "the [Commission] did not have sufficient information to enable it to consider fully the factors required for an environmental assessment," and, therefore, "the [Commission's] [FONSI] was clearly erroneous."

Improper segmentation of a project occurs when, pursuant to Hawaii Administrative Rules (**HAR**) § 11-200.1-10,[4] "[a] group of actions [that] shall be treated as a single action" are improperly "segmented" into component parts. Rules

---

[4] Pursuant to HAR § 11-200.1-10:

A group of actions shall be treated as a single action when:

(1) The component actions are phases or increments of a larger total program;

(2) An individual action is a necessary precedent to a larger action;

(3) An individual action represents a commitment to a larger action; or

(4) The actions in question are essentially identical and a single EA or EIS will adequately address the impacts of each individual action and those of the group of actions as a whole.

like HAR § 11-200.1-10 "are meant to keep applicants or agencies from escaping full environmental review by pursuing projects in a piecemeal fashion." Sierra Club v. Dep't of Transp., 115 Hawaiʻi 299, 338, 167 P.3d 292, 331 (2007). For purposes of environmental review,

> The proposed action must be described in its entirety and cannot be broken up into component parts which, if each is taken separately, may have minimal impact on the environment. Segmenting a project in this incremental way to avoid the preparation of an environmental impact statement is against the law.

Id. (citation omitted).

Pursuant to HRS chapter 343 and HAR chapter 11-200.1, either a government agency or an "applicant" may request approval of an "action." HRS § 343-5 (2022). An applicant is defined as "any person who, pursuant to statute, ordinance, or rule, officially requests approval for a proposed action." HRS § 343-2 (2022). This case involves an applicant action, in which Wailea submitted an improperly segmented FEA to the Commission.

Because this is an applicant action, the Commission acted as the "the agency initially receiving and agreeing to process the request for [environmental review] approval." HRS § 343-5(e) (2022). The dispositive question here is whether attorneys' fees may be awarded against the Commission, acting solely in the capacity of the agency receiving the request for environmental approval, for its review of an applicant's

6

improperly segmented FEA and erroneous issuance of a FONSI. There is nothing in the record that indicates the parties presented argument on, or that the circuit court considered, this question.[5]  And the parties do not cite to, nor are we aware of, any legal authority supporting the proposition that an agency acting solely in its regulatory capacity can be held liable for attorneys' fees based on its actions in reviewing and approving an applicant's submission.[6]

We therefore vacate the Order and remand to the circuit court to address in the first instance whether Plaintiffs could be awarded attorneys' fees *against an agency* that reviewed an applicant's improperly segmented FEA and erroneously issued a FONSI.

Moreover, because the Order is silent as to the legal authority for its award of attorneys' fees, we further instruct the circuit court on remand to expressly identify that legal authority.  Plaintiffs' Motion cited HRS § 607-9 and the private attorney general doctrine as the legal authority for its request.  HRS § 607-9 pertains only to costs, and does not

---

[5]     Plaintiffs' Motion was filed as a non-hearing motion, such that the record regarding Plaintiffs' fees request consists of the motion papers and Order.

[6]     We note that in Sierra Club v. Dep't of Transp., 120 Hawaiʻi 181, 202 P.3d 1226 (2009), the Hawaiʻi Supreme Court held that attorneys' fees may be awarded against an agency that itself proposed an action under HRS chapter 343.  Here, the question is whether attorneys' fees can be awarded against an agency that reviewed an applicant's FEA, and issued a FONSI, pursuant to HRS chapter 343.

support Plaintiffs' request for fees.  To the extent that the circuit court awarded fees pursuant to the private attorney general doctrine, the circuit court failed to make findings necessary for application of the three-part test for determining whether Plaintiffs were entitled to such fees.  The three-part test requires the court to assess:

> (1) the strength or societal importance of the public policy vindicated by the litigation, (2) the necessity for private enforcement and the magnitude of the resultant burden on the plaintiff, and (3) the number of people standing to benefit from the decision.

Kaleikini v. Yoshioka, 129 Hawai‘i 454, 462, 304 P.3d 252, 260 (2013) (cleaned up).

In the absence of such findings, we conclude that the record is insufficient for us to determine whether the circuit court abused its discretion in awarding attorneys' fees "jointly and severally" against the Commission.  See In re Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984, 147 Hawai‘i 456, 465, 465 P.3d 903, 912 (2020) ("When the lower court has failed to issue the requisite findings of fact to enable meaningful appellate review, it is not the function of the appellate court to conduct its own evidentiary analysis.") (cleaned up).  If the circuit court on remand awards fees against the Commission pursuant to the private attorney general doctrine, the circuit court shall make such findings of fact and

conclusions of law necessary for appellate review of the three-part private attorney general doctrine test.

For the foregoing reasons, we vacate the Order and remand to the circuit court for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawai'i, May 15, 2025.

On the briefs:          /s/ Keith K. Hiraoka
                          Presiding Judge
Brian A. Bilberry,
Deputy Corporation Counsel,   /s/ Clyde J. Wadsworth
for Defendant-Appellant.      Associate Judge

Bianca Isaki and          /s/ Kimberly T. Guidry
Christina Lizzi,           Associate Judge
for Plaintiffs-Appellees.